IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

                Petitioner,

v.

SUE DeHAAN,

                Respondent.

OPINION and ORDER

22-cv-270-jdp

---

    Terrance Grissom, appearing pro se, is incarcerated at Wisconsin Resource Center (WRC). Grissom has filed a document styled as a petition for writ of habeas corpus under 28 U.S.C. § 2254, along with a packet of attached documents. Grissom is a frequent litigator in this court (he has brought more than 80 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g), and the court has barred him from filing civil complaints because of his repeated filing of fabricated prison records. *See Grissom v. Braun*, No. 21-cv-610-jdp, 2021 WL 4948046 (W.D. Wis. Oct. 25, 2021). The only cases that Grissom may file in this court are habeas corpus petitions relating to his criminal convictions. *Id.*

    I will dismiss this case. Although Grissom is allowed to file habeas petitions, he does not provide a plausible argument challenging the fact or duration of his confinement—he does not seek release but rather placement at a different prison. And virtually all of Grissom's petition and supporting materials discusses claims for damages and injunctive relief concerning his conditions of his confinement, including forced administration of medication, harassment by facility officials, and placement in a cell without a toilet or proper heat. But those types of allegations belong in a civil rights lawsuit, not a habeas petition. Grissom cannot get around this court's filing bar by placing his conditions-of-confinement claims in a habeas petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Reasonable jurists would not debate the outcome here so I will not issue Grissom a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

ORDER

IT IS ORDERED that:

1. The petition for writ of habeas corpus filed by Terrance Grissom, Dkt. 1, is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered May 16, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge